IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CIVIL ACTION NO. 4:16-CV-00289

HARRY L. SMITH, JR.,

                Plaintiff,

      v.                              **COMPLAINT**

FLANDERS HOLDINGS LLC,

                Defendant.

Harry L. Smith, Jr. ("Smith" or "Plaintiff"), by and through his undersigned counsel, asserts the following claims against Defendant Flanders Holdings LLC ("Flanders Holdings" or "Defendant").

## PARTIES AND JURISDICTION

1. Smith is a citizen and resident of Pitt County, North Carolina.

2. Flanders Holdings LLC is a Delaware limited liability company that does business in the Eastern District of North Carolina. Its principal place of business is in Kentucky.

3. Flanders Holdings conducts business in the Eastern District of North Carolina and has the minimum contacts in the Eastern District of North Carolina necessary to subject it to the personal jurisdiction of this court. Smith resides in the Eastern District of North Carolina. The contract at issue in this case contains a "Jurisdiction; Venue" provisions that says,

> Each of the parties hereto submits to the sole and exclusive jurisdiction of the North Carolina Business Court located in Raleigh, North Carolina or, if such court shall not have jurisdiction, to any federal court sitting in the Eastern District of North Carolina, in any action or proceeding arising out of or relating to this Agreement and agrees that all claims in respect of the action or proceeding may be heard and determined in any such court. Each of the parties hereto also agrees not to bring any action or proceeding arising out of or relating to this Agreement in any other court. Each of the parties hereto waives any defense of inconvenient forum to the maintenance of any action or proceeding so brought and waives any

bond, surety, or other security that might be required of any other party with respect thereto. Each party hereto agrees that a final judgment in any action or proceeding so brought shall be conclusive and may be enforced by suit on the judgment or in any other manner provided by law or at equity.

Exhibit A, ¶ 20.

4. Venue is also proper in this Court because a substantial part of the events giving rise to the claim occurred in this judicial district. Smith executed the contract at issue in this case in the Eastern District of North Carolina. 28 U.S.C. § 1391(a)(2).

5. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 (diversity) because there is complete diversity between the parties. Smith is a citizen and resident of North Carolina. Flanders Holdings has its principal place of business in Kentucky. The amount in controversy exceeds $75,000.

## FACTUAL ALLEGATIONS

6. Smith entered into an "Equity Buy-Out and Board of Directors Resignation Agreement" (the "Buy-Out Agreement") with Flanders Holdings effective 20 March 2015. A true and correct copy of the Buy-Out Agreement is attached as **Exhibit A**.

7. Pursuant to the Buy-Out Agreement, the Buy-Out Agreement and "all disputes between the parties under or related to this Agreement" are governed by North Carolina law. Exhibit A, ¶ 18.

8. The purpose of the Buy-Out Agreement was for Smith to resign from the Board of Managers of Flanders Holdings. In connection with executing the Buy-Out Agreement, Flanders Holdings paid Smith for the par value of certain Non-Voting Units of stock. Smith realized no profit on the payment for those units.

9. At the time the Buy-Out Agreement was signed, Smith was not an employee of Flanders Holdings, Flanders Corporation, or any entity related to Flanders Holdings or Flanders Corporation.

10. The Buy-Out Agreement was not executed in connection with or incident to the sale of any business.

11. The Buy-Out Agreement contains a purported "Non-Competition" covenant in Section 6(c) that says,

> Smith hereby agrees that for a period of five (5) years after the Effective Date of this Agreement (as defined below), he shall not for himself or through any Person, directly or indirectly, engage in, participate in any business activity or enterprise that would compete in any way with the Business in the geographic areas and locations where: (i) Flanders Corp. carries on or transacts the Business, (ii) Flanders Corp. sells or markets its products or services, or (iii) Flanders Corp.'s customers are located; including without limitation (A) the world, (B) the United States of America, (C) each of the states of the United States of America, (D) the State of North Carolina, (E) each county within the State of North Carolina, (F) the territory within a 100 mile radius of Smith's office in Washington, North Carolina, and (G) the territory within a 100 mile radius of each other office of Smith (whether now existing or hereafter established). For purposes of this Agreement, the term "participate" includes any direct or indirect interest in any enterprise, whether as a stockholder, member, partner, joint venturer, franchisor, franchisee, executive, consultant or otherwise (other than by ownership of less than one percent (1%) of the stock of a publicly held corporation) or lending money to or rendering any direct or indirect service or assistance to any person or entity.

12. As of the date Smith executed the Buy-Out Agreement, he was not an employee of Flanders Corporation, which is the entity allegedly protected by the Non-Competition covenant in the Buy-Out Agreement. Smith's employment with Flanders Corporation ended on 1 July 2014, nearly nine months before he executed the Buy-Out Agreement.

13. The Buy-Out Agreement was not incident to the sale of Pronamic Industries to Flanders Holdings or any entity related to Flanders Holdings. Flanders Solutions, LLC purchased Pronamic Industries, LLC from Smith, among others, pursuant to an Asset Purchase

Agreement dated 20 February 2015. The Buy-Out Agreement was not executed until a month later on 20 March 2015. The 20 February 2015 Asset Purchase Agreement contained its own, separate restrictive covenants including a Non-Competition covenant, a Non-Solicitation of Customers and Suppliers covenant, and a Non-Solicitation of Employees covenant applicable to and binding on Smith. The 20 February 2015 Asset Purchase Agreement does not incorporate by reference the Buy-Out Agreement.

14. The "Non-Competition" covenant in Section 6(c) of the Buy-Out Agreement contains restrictions on the types of activities in which Smith may engage that are overbroad and unenforceable.

15. The "Non-Competition" covenant in Section 6(c) of the Buy-Out Agreement contains geographic restrictions on Smith's future activities that are overbroad and unenforceable.

16. The "Non-Competition" covenant in Section 6(c) of the Buy-Out Agreement contains a restricted period – five years – that is overbroad and unenforceable.

17. The "Non-Competition" covenant Section 6(c) of the Buy-Out Agreement violates the public policy of North Carolina and is unenforceable.

18. The overbroad and unenforceable provisions in the "Non-Competition" covenant in Section 6(c) of the Buy-Out Agreement are not a distinctly separable part of a covenant. Judicial modification, therefore, is not an option. North Carolina law prevents this Court from "blue-penciling" or modifying the language of the covenant to make it enforceable.

19. The Buy-Out Agreement contains a purported "Non-Solicitation of Customers or Suppliers" covenant in Section 6(d) that says,

> Smith shall not, for a period of five (5) years following the Effective Date, either directly or indirectly, for his own benefit or the benefit of any other person or

entity, solicit, attempt to solicit, divert or attempt to divert, accept or attempt to accept the business or patronage of any customers or suppliers of Flanders Corp., or in any way interfere with, disrupt or attempt to disrupt any such relationships.

20. Under North Carolina law, non-solicitation covenants are subject to the same legal restraints as non-competition covenants. When a covenant purports to bar passive acceptance of business from customers, it constitutes a non-competition covenant.

21. The "Non-Solicitation of Customers or Suppliers" covenant in Section 6(d) of the Buy-Out Agreement contains restrictions on the types of activities in which Smith may engage that are overbroad and unenforceable.

22. The "Non-Solicitation of Customers or Suppliers" covenant in Section 6(d) of the Buy-Out Agreement contains no defined geographic restrictions and is, therefore, overbroad and unenforceable.

23. The "Non-Solicitation of Customers or Suppliers" covenant in Section 6(d) of the Buy-Out Agreement contains a restricted period – five years – that is overbroad and unenforceable.

24. The "Non-Solicitation of Customers or Suppliers" covenant in Section 6(d) of the Buy-Out Agreement violates the public policy of North Carolina and is unenforceable.

25. The overbroad and unenforceable provisions in the "Non-Solicitation of Customers or Suppliers" covenant in Section 6(d) of the Buy-Out Agreement are not a distinctly separable part of a covenant. Judicial modification, therefore, is not an option. North Carolina law prevents this Court from "blue-penciling" or modifying the language of the covenant to make it enforceable.

26. In a 25 November 2016 letter from counsel for Flanders Holdings to counsel for Smith, Flanders asserted, "Flanders considers compliance with all the provisions of the Buy-Out Agreement to be a serious matter, and it will take all actions necessary to protect its interests and

enforce the obligations imposed thereunder, including, but not limited to, filing for injunctive relief, monetary damages, and attorneys' fees."

27. In a 2 December 2016 letter from counsel for Smith to counsel for Flanders Holdings, Smith informed Flanders Holdings, "although Mr. Smith has fully complied with the now expired restrictive covenants in his employment agreements and the covenants in the Asset Purchase Agreement and, to date, in the Resignation Agreement, Mr. Smith intends to re-enter the air filtrations products industry."

28. Flanders Holdings alleges the "Non-Competition" and "Non-Solicitation of Customers or Suppliers" covenants in Section 6 of the Buy-Out Agreement are valid and enforceable. Smith alleges the "Non-Competition" and "Non-Solicitation of Customers or Suppliers" covenants are overbroad and unenforceable. Smith has indicated to Flanders Holdings he intends to reenter the air filtration business, and Flanders Holdings has indicated to Smith it believes such activity will violate binding restrictive covenants and that it will take legal action to enforce those covenants. Because there is a reasonable apprehension of litigation over the restrictive covenants in the Buy-Out Agreement, there is a judicable controversy.

29. There is a dispute between the parties in this case with respect to the enforceability of the restrictive covenants in the Buy-Out Agreements entered into by Smith and Flanders Holdings. This dispute is an actual case or controversy for the purposes of the Federal Declaratory Judgment Act, and this Court is thus empowered to render a declaratory judgment respecting the future rights of these parties. 28 U.S.C. §§ 2201-2202.

30. Smith respectfully requests that this Court enter a judgment in his favor declaring the "Non-Competition" and "Non-Solicitation of Customers or Suppliers" covenants in Paragraph 6 of the Buy-Out Agreement overbroad and unenforceable.

6

Case 4:16-cv-00289-FL   Document 1   Filed 12/16/16   Page 6 of 7

WHEREFORE, Smith respectfully prays the court as follows:

1. For a declaration in Smith's favor that the "Non-Competition" and "Non-Solicitation of Customers or Suppliers" covenants in Paragraph 6 of the Buy-Out Agreement are overbroad and unenforceable.

2. For such other and further relief as the Court may deem just and proper.

This the 16th day of December, 2016.

**POYNER SPRUILL LLP**

By: s/ Kevin M. Ceglowski
Kevin M. Ceglowski
N.C. State Bar No. 35703
kceglowski@poynerspruill.com
301 Fayetteville Street, Suite 1900
P.O. Box 1801
Raleigh, NC 27602-1801
Telephone: (919) 783-2853
Facsimile: (919) 783-1075

ATTORNEYS FOR PLAINTIFF
HARRY L. SMITH, JR.