IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

CIVIL ACTION FILE NO. 4:16-CV-00289

| | |
|---|---|
| HARRY L. SMITH, JR., )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>FLANDERS HOLDINGS, LLC, )<br>    Defendant. )<br>) | **DEFENDANT'S ANSWER TO COMPLAINT** |

NOW COMES Defendant Flanders Holdings, LLC ("Defendant"), by and through the undersigned attorneys, and, for its Answer to the Complaint of Plaintiff, says and alleges:

**GENERAL RESPONSE**

Except as expressly admitted, Defendant denies each and every allegation contained in the Complaint filed against it.

**FIRST DEFENSE**

Responding to the individually numbered paragraphs of the Complaint, seriatim, Defendant avers the following:

1. Upon information and belief, Defendant admits that Plaintiff is a citizen and resident of Pitt County, North Carolina.

2. Defendant admits that it is a limited liability company organized and existing under the laws of Delaware. At all times relevant to this action, Defendant and/or its wholly-owned subsidiary operated a business located at 531 Flanders Filters Road, Washington,

1

North Carolina 27889. Except as otherwise expressly admitted, the remaining allegations contained in Paragraph No. 2 of Plaintiff's Complaint are denied.

3. Defendant admits that Defendant and/or its wholly-owned subsidiary conducts business in the Eastern District of North Carolina and has minimum contacts within the Eastern District of North Carolina. Defendant further admits, upon information and belief, that Plaintiff resides in the Eastern District of North Carolina. The language of the contract speaks for itself. Except as otherwise expressly admitted, Defendant denies the allegations in Paragraph No. 3 of Plaintiff's Complaint.

4. The allegations contained in Paragraph No. 4 assert legal conclusions for which no response is required. To the extent a response is required, Defendant admits that venue is proper in this Court. Except as otherwise expressly admitted, Defendant denies the allegations contained in Paragraph No. 4 of Plaintiff's Complaint.

5. The allegations contained in Paragraph No. 5 assert legal conclusions for which no response is required. To the extent a response is required, Defendant admits that this Court has subject matter jurisdiction over this action. Except as otherwise expressly admitted, Defendant denies the allegations contained in Paragraph No. 5 of Plaintiff's Complaint.

6. Defendant admits the allegations contained in Paragraph No. 6 of Plaintiff's Complaint.

7. Defendant admits the allegations contained in Paragraph No. 7 of Plaintiff's Complaint. Defendant further responds that the language of the Buy-Out Agreement speaks for itself.

8. Defendant admits that the Buy-Out Agreement addresses, among other things, Plaintiff's resignation from the Board of Directors and a buy-out of Plaintiff's equity ownership. Except as otherwise expressly admitted, Defendant denies the allegations contained in Paragraph No. 8 of Plaintiff's Complaint. The Buy-Out Agreement is a writing and speaks for itself.

9. Defendant admits that Plaintiff was not an employee of Defendant or Flanders Corporation on or about March 20, 2015. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph No. 9 of Plaintiff's Complaint, and, therefore they are denied.

10. Defendant denies the allegations contained in Paragraph No. 10 of Plaintiff's Complaint.

11. Defendant admits that the Buy-Out Agreement contains, among other things, restrictive covenants. Defendant admits the language of the Buy-Out Agreement speaks for itself. Except as otherwise expressly admitted, the allegations contained in Paragraph No. 11 of Plaintiff's Complaint are denied.

12. Defendant admits that Plaintiff was not an employee of Flanders Corporation on or about March 20, 2015. Defendant further admits that Plaintiff's employment with Flanders Corporation terminated on or about July 1, 2014. Except as otherwise expressly admitted, the remaining allegations contained in Paragraph No. 12 of Plaintiff's Complaint are denied.

13. Defendant responds by stating that the Buy-Out Agreement, which was executed on March 20, 2015, and the February 20, 2015 Asset Purchase Agreement are writings

and speak for themselves. Defendant denies the remaining allegations contained in Paragraph No. 13 of Plaintiff's Complaint.

14. Defendant denies the allegations contained in Paragraph No. 14 of Plaintiff's Complaint.

15. Defendant denies the allegations contained in Paragraph No. 15 of Plaintiff's Complaint.

16. Defendant denies the allegations contained in Paragraph No. 16 of Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph No. 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph No. 18 of Plaintiff's Complaint.

19. Defendant admits that the Buy-Out Agreement contains, among other things, restrictive covenants. Defendant admits the language of the Buy-Out Agreement speaks for itself. Except as otherwise expressly admitted, the allegations contained in Paragraph No. 19 of Plaintiff's Complaint are denied.

20. The allegations contained in Paragraph No. 20 of Plaintiff's Complaint, assert a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph No. 20 in Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph No. 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph No. 22 of Plaintiff's Complaint.

23. Defendant denies the allegations contained in Paragraph No. 23 of Plaintiff's Complaint.

24. Defendant denies the allegations contained in Paragraph No. 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph No. 25 of Plaintiff's Complaint.

26. Defendant admits that its counsel did send a letter dated November 25, 2016 to counsel for Plaintiff. Defendant further admits the language of the November 25, 2016 letter speaks for itself. Except as expressly admitted, Defendant denies the allegations contained in Paragraph No. 26 of Plaintiff's Complaint.

27. Defendant admits that counsel for Plaintiff sent counsel for Defendant a letter dated December 2, 2016. Defendant further admits that the language of the December 2, 2016 letter speaks for itself. Except as expressly admitted, Defendant denies the allegations contained in Paragraph No. 27 of Plaintiff's Complaint.

28. Defendant admits the allegations contained in Paragraph No. 28 of Plaintiff's Complaint.

29. Defendant admits there is a dispute between the parties with respect to the enforceability of the restrictive covenants in the Buy-Out Agreement. Except as expressly admitted, the remainder of the allegations contained in Paragraph 29 of Plaintiff's Complaint assert legal conclusions for which no response is required.

30. Defendant denies the allegations contained in Paragraph No. 30 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

Defendant denies that the restrictive covenants in Paragraph 6 of the Buy-Out Agreement are overbroad and unenforceable. Defendant further denies that Plaintiff is entitled to any requested relief. Defendant denies any remaining allegations not already admitted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, release and/or estoppel.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches and/or the applicable statutes of limitation and/or repose.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by any other affirmative defense, as discovery may reveal, pursuant to Federal Rules of Civil Procedure 8(c).

## NONWAIVER

Defendant reserves the right to designate additional defenses as they may come to light during the course of investigation, discovery, or otherwise.

WHEREFORE, Defendant respectfully prays the Court as follows:

1. For a declaration in Defendant's favor that the restrictive covenants in Paragraph 6 of the Buy-Out Agreement are enforceable by Defendant against Plaintiff;

2. That Plaintiff's prayer for relief be denied in its entirety;

3. That Plaintiff have and recover nothing of Defendant;

4. That the costs of this action, including reasonable attorneys' fees, be taxed against Plaintiff; and,

5. That this Defendant have and recover such other and further relief as the Court may deem just and proper.

This the 8th day of February, 2017.

>*/s/S. McKinley Gray, III*
>S. McKinley Gray, III
>N.C. State Bar I.D. No.: 19939
>email: smg@wardandsmith.com
>Devon D. Williams
>N.C. State Bar I.D. No.: 44914
>email: ddwilliams@wardandsmith.com
>Ward and Smith, P.A.
>Post Office Box 867
>New Bern, NC 28563-0867
>Telephone: 252.670.5400
>Facsimile: 252.670.5477
>Attorneys for Defendant Flanders Holdings, LLC

CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2017, I electronically filed the DEFENDANT'S ANSWER TO COMPLAINT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Kevin M. Ceglowski.

> */s/S. McKinley Gray, III*
> S. McKinley Gray, III
> N.C. State Bar I.D. No.: 19939
> email: smg@wardandsmith.com
> Devon D. Williams
> N.C. State Bar I.D. No.: 44914
> email: ddwilliams@wardandsmith.com
> Ward and Smith, P.A.
> Post Office Box 867
> New Bern, NC 28563-0867
> Telephone: 252.670.5400
> Facsimile: 252.670.5477
> Attorneys for Defendant Flanders Holdings, LLC

121032-00020
ND: 4837-7321-6066, v. 1