IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CIVIL ACTION NO. 4:16-CV-00289

HARRY L. SMITH, JR.,

                Plaintiff,

        v.                     **DECLARATION OF HARRY L. SMITH, JR.**

FLANDERS HOLDINGS LLC,

                Defendant.

## DECLARATION OF HARRY L. SMITH, JR.

Harry L. Smith, Jr., being duly sworn, hereby deposes and states as follows:

1. I am over the age of eighteen. I suffer from no disabilities that would render me incompetent to testify in this matter. I have personal knowledge of the facts stated in this declaration.

2. I executed an "Employment Agreement" with Flanders Corporation on 16 May 2012. The employment under that agreement ended on 1 July 2014, and I executed a "Confidential Separation Agreement." The Employment Agreement contained restrictive covenants with two-year terms, which expired 1 July 2016. I fully complied with the terms of those restrictive covenants.

3. I signed the "Equity Buy-Out and Board of Directors Resignation Agreement" on 20 March 2015 in exchange for Flanders Holdings LLC agreeing to repurchase certain Non-Voting Units from me. The Non-Voting Units repurchased from me pursuant to the Equity Buy-Out and Board of Directors

1

Resignation Agreement dated 20 March 2015 represented a small fraction of the total shares in Flanders Holdings LLC, and I realized no profit from their purchase. The price paid to me for those units resulted in a financial loss because I was paid only par value ($1 per share), but at the time I executed that agreement, the shares were worth much more than $1 per share. The ownership group of Flanders Holdings LLC pressured me to execute this agreement and sell back my shares for par value.

4. Also as part of the Equity Buy-Out and Board of Directors Resignation Agreement dated 20 March 2015, I voluntarily forfeited my Long Term Incentive Compensation ("LTIC") amount. At the time I executed this agreement, the LTIC was worth an estimated five million dollars. I requested that the forfeited LTIC amount be distributed the employees of Flanders Corporation.

5. I have repeatedly offered to help the ownership and the leadership team for Flanders Corporation improve the performance of the company, and all of my efforts have been ignored. I have reached out to Flanders Corporation many times, including by e-mail to the CEO of the company, offering to provide them my help at no cost. In addition to ignoring my offers, Phil Whitaker, CEO of AAF Flanders, cursed at me when I politely introduced myself to him at his deposition in connection with this case.

6. Flanders Corporation does not operate worldwide. Flanders Corporation does not have any production plants outside the United States. There are many

countries in which Flanders Corporation does not have any customers or suppliers.

7. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Harry L. Smith, Jr.

6/20/2017
Date